**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keunte D. Cobbs, Appellant.

Appellate Case No. 2018-001599

Appeal From Dorchester County
Perry M. Buckner, III, Circuit Court Judge

Unpublished Opinion No. 2021-UP-181
Submitted April 1, 2021 – Filed May 19, 2021

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

**PER CURIAM:** Keunte Cobbs appeals his conviction for assault and battery of a high and aggravated nature (ABHAN) and eighteen-year sentence. On appeal,

Cobbs argues the trial court abused its discretion in denying his motion to dismiss his indictments based on a violation of his right to a speedy trial.

The State's reasons for the delay,[1] when considered along with Cobbs's failure to secure an attorney until almost twelve months after his arrest, were sufficient to justify the almost twenty-six-month delay between Cobbs's arrest and trial. Additionally, Cobbs failed to show the incidents of alleged prejudice were attributable to the trial delay. Thus, we find Cobbs's right to a speedy trial was not violated, and the trial court did not abuse its discretion in denying Cobbs's motion to dismiss his indictments. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 371 (2016) (stating an appellate court reviews a trial court's ruling on whether to dismiss an indictment based on speedy trial violations for an abuse of discretion); *State v. Langford*, 400 S.C. 421, 441, 735 S.E.2d 471, 482 (2012) (stating a court considers four factors when determining whether a defendant's right to a speedy trial has been violated, including: "the length of the delay, the reason for [the delay], the defendant's assertion of his right to a speedy trial, and any prejudice [the defendant] suffered"); *State v. Reaves*, 414 S.C. 118, 129-30, 777 S.E.2d 213, 219 (2015) ("[T]he determination that a defendant has been deprived of this right is not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." (quoting *State v. Pittman*, 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2008))); *id.* at 130, 777 S.E.2d at 219 ("The delay begins to be measured when a defendant is indicted, arrested, or otherwise accused."); *State v. Cooper*, 386 S.C. 210, 217-18, 687 S.E.2d 62, 67 (Ct. App. 2009) (acknowledging the State's reasons for the delay, when considered altogether, justified a majority of the delay in bringing the defendant to trial); *Reaves*, 414 S.C. at 130, 777 S.E.2d at 219 ("Delays caused by the defendant should weigh against him."); *Hunsberger*, 418 S.C. at 346, 794 S.E.2d at 374 ("[A] valid reason, such as a missing witness, justifies an appropriate delay . . . ."); *Langford,* 400 S.C. at 445, 735 S.E.2d at 484 (providing the purpose of the right to a speedy trial is to prevent three types of prejudice: "(1) oppressive pre-trial incarceration; (2) anxiety stemming from being publicly accused of a crime; and (3) the possibility that the accused's defense will be impaired due to the death or disappearance of witnesses or the loss of memory with the passage of time.");

---

[1] At the hearing on Cobbs's motion to dismiss his indictments, the State asserted the delay in Cobbs's trial was caused, in part, by personnel changes at the solicitor's office and the sheriff's department, the need to submit ballistics evidence to SLED for analysis, and law enforcement's efforts to locate an out-of-state witness.

*Hunsberger*, 418 S.C. at 351, 794 S.E.2d at 376 ("Actual prejudice occurs when the *trial delay* has weakened the accused's ability to raise specific defenses, elicit specific testimony, or produce specific items of evidence." (emphasis added)); *State v. Robinson*, 335 S.C. 620, 626-27, 518 S.E.2d 269, 272 (Ct. App. 1999) (concluding the trial court did not err in refusing to dismiss the indictment when the "case was tried within one year of [the] . . . motion to dismiss," the State provided adequate reasons for the delay, and the defendant failed to show actual prejudice).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.